UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE BARTZ, | No. 09-36143 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00272-CI |
| v. | Eastern District of Washington, Spokane |
| MAGGIE MILLER-STOUT; et al., | |
| Defendants - Appellees. | ORDER |

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges

We recall the mandate for the limited purpose of withdrawing the memorandum disposition filed on January 21, 2011 and concurrently filing a replacement memorandum disposition.

The memorandum disposition filed on January 21, 2011 is withdrawn. A replacement memorandum disposition will be filed concurrently with this order.

The mandate shall reissue forthwith.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE BARTZ,

      Plaintiff - Appellant,

v.

MAGGIE MILLER-STOUT; et al.,

      Defendants - Appellees.

No. 09-36143

D.C. No. 2:08-cv-00272-CI

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Chief Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

    George Bartz, a Washington state prisoner, appeals pro se from the district

court's judgment dismissing his action alleging that defendants deducted military

retirement benefits from his inmate trust account in violation of his constitutional

rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under the screening provisions of 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).

We vacate the judgment and remand to the district court with instructions to appoint counsel and direct service of a second amended complaint on the named defendant(s), so that defendant(s) may file a responsive pleading or motion.

**VACATED and REMANDED.**